Kevin J. Cole (SBN 321555)
 *kevin@kjclawgroup.com*
**KJC LAW GROUP, A.P.C.**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

Attorneys for Plaintiff
*Dylan Sullivan*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SULLIVAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FLAVORGOD LLC D/B/A FLAVOR GOD, a New Jersey limited liability company; and DOES 1 to 10, inclusive,<br><br>        Defendants. | Case No. 2:20-cv-10882-VAP(Ex)<br><br>*Assigned to Hon. Virginia A. Phillips*<br><br>**FIRST   AMENDED   CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;**<br>2. **Violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.***<br>3. **Violation of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; and**<br>4. **Fraudulent Concealment.**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Dylan Sullivan ("Plaintiff"), individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel, and on information and belief as to all other matters.  Plaintiff believes that substantial evidentiary support will exist

-1-

FIRST AMENDED CLASS ACTION COMPLAINT

1  for the allegations set forth in this complaint, after a reasonable opportunity for
2  discovery.

3  ### NATURE OF ACTION

4  1.      This class action targets Flavorgod LLC d/b/a Flavor God ("Flavor
5  God") for its unlawful, unfair, and fraudulent business practice of advertising
6  fictitious prices and corresponding phantom discounts on seasonings, toppers, and
7  other items on its website (https://flavorgod.com/).  This practice of false reference
8  pricing occurs when  a retailer fabricates a fake regular, original, and/or former
9  reference price, and then offers an item for sale at a deeply "discounted" price.
10  The result is a sham price disparity that misleads consumers into believing they
11  are receiving a good deal and induces them into making a purchase. Retailers like
12  Flavor God drastically benefit from employing a false reference pricing scheme and
13  experience increased sales.

14  2.      The California legislature and federal regulations prohibit this
15  misleading practice. The law recognizes the reality that consumers often purchase
16  merchandise marketed as being "on sale" purely because the proffered discount
17  seemed too good to pass up. Accordingly, retailers, including Flavor God, have an
18  incentive to lie to customers and advertise false sales. The resulting harm is
19  tangible—the bargain hunter's expectations about the product he or she purchased
20  is that it has a higher perceived value and she may not have purchased the product
21  but for the false savings.

22  3.      The advertised discounts are fictitious because the reference price
23  does not represent a *bona fide* price at which Flavor God previously sold a
24  substantial quantity of the merchandise for a reasonable period of time (or at all) as
25  required by the Federal Trade Commission ("FTC"). In addition, the represented
26  reference price was not the prevailing market retail price within the three months
27  immediately preceding the publication of the advertised former reference price, as

28

-2-

FIRST AMENDED CLASS ACTION COMPLAINT

required by California law. The deception is magnified for these products, because the representation of the false reference price leads consumers like Plaintiff to believe they are purchasing a product of substantially higher quality and that they are purchasing a product that was previously offered for sale at the significantly higher reference price.

4.     Through its false and misleading marketing, advertising, and pricing scheme, Flavor God violated and continues to violate California and federal law, which prohibits (1) advertising goods for sale as discounted from former prices that are false, and (2) misleading statements about the existence and amount of price reductions. Specifically, Flavor God violated and continues to violate: California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* (the "UCL"); California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.* (the "FAL"); the California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA"); and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45, 52.

5.     Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased one or more seasonings, toppers, and other items from Flavor God's online store that were deceptively represented as discounted from false former reference prices in order to halt the dissemination of this false, misleading, and deceptive pricing scheme, to correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased merchandise tainted by this deceptive pricing scheme. Plaintiff seeks to obtain damages, injunctive relief, and other appropriate relief as a result of Flavor God's sales of merchandise offered at a false discount.

6.     Finally, Plaintiff seeks reasonable attorneys' fees pursuant to (a) Cal. Civ. Code § 1780(e) (the CLRA allows a prevailing plaintiff to recover court costs and attorneys' fees as a matter of right), and (b) California Code of Civil Procedure

-3-

FIRST AMENDED CLASS ACTION COMPLAINT

§ 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

## THE PARTIES

7.      Plaintiff Dylan Sullivan is a citizen of the State of California and resident of the County of Los Angeles. Plaintiff, in reliance on Flavor God's false and deceptive pricing, purchased seasonings through Flavor God's website on or about September 14, 2020.

8.      Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Flavorgod LLC is a New Jersey limited liability company with its principal executive offices in Jersey City, New Jersey.

9.      Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged in this Complaint. Defendants shall together be referred to as "Defendants" or "Flavor God."

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

11.      The Central District of California has personal jurisdiction over Flavor God because Flavor God is a business entity authorized to conduct and does

-4-

FIRST AMENDED CLASS ACTION COMPLAINT

conduct business in the State of California. Flavor God is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through its promotion, sales, distribution, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Flavor God transacts substantial business in this District and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**GENERAL ALLEGATIONS**

**A. Company Background**

13.     On information and belief, Defendants launched their Flavor God seasoning business in 2012. Defendants first generated sales by selling their seasonings at farmer's markets. On information and belief, Flavor God began selling products to customers in the United States through its website (https://flavorgod.com) by at least January 1, 2014, and now exclusively sell their Flavor God-branded seasonings, rubs, and other products online. Today, Defendants market, sell, and ship their products worldwide.

14.     Flavor God makes a wide variety of flavored seasonings including Lemon & Garlic, Chipotle, Italian Zest, Garlic Lover's, and Everything. In total, Defendants make 18 different flavors of seasonings. In addition to their seasonings, Defendants make "toppers," which are flavored powders meant to be added to a completed meal to infuse a different flavor into the meal. Defendants make six topper flavors including Buttery Cinnamon Roll, Chocolate Donut, Gingerbread Cookie, and Pumpkin Pie. Defendants also make three rubs for seasoning meats and two flavors of salt.

15.     Defendants sell their seasonings in individual five-ounce containers, in "combo packs" containing between two and fourteen seasonings, and in

-5-

**FIRST AMENDED CLASS ACTION COMPLAINT**

wholesale quantities. On their website, Defendants state, "Single Bottles are priced to match the bundle pricing!," leading consumers to believe that a savings realized through purchasing a combo pack—which savings does not actually exist—is available even if the consumer purchases a seasoning product individually.

16.    Defendants' marketing emphasizes their low prices and discounts. They market their Flavor God-branded products on Facebook, Instagram, and Snapchat, advertising seasonings "AS LOW AS $4.91."

17.    As noted, because Defendants sell their products exclusively on the Flavor God website, there is no other regular price or market price for their products other than the price at which the seasonings sell on the website.

**B. Flavor God's False and Deceptive Pricing Scheme**

18.    Unfortunately, Flavor God's business model relies on deceiving customers with fake sales. On a typical day, Flavor God prominently displays on its landing page some form of a sale where all products or a select grouping of products are supposedly marked down by a specified percentage—for example, 50%, 60%, or 70% off. All or nearly all Flavor God products on the site are represented as being significantly marked down from a substantially higher original



FIRST AMENDED CLASS ACTION COMPLAINT

1   or reference price, which is prominently displayed to the customer as being the

2   supposed original price (the "Reference Price"), as shown in the following:





FIRST AMENDED CLASS ACTION COMPLAINT

*(Screenshots taken from https://flavorgod.com/, last accessed Nov. 18, 2020.)*

19.    By doing this, Defendants convey to customers that the product had previously sold in the recent past at the Reference Price, but is being sold to the customer at a substantial discount.

20.    However, this Reference Price in the "sale" is almost always—if not always—a falsely inflated price because Flavor God rarely, if ever, sells its items at the Reference Price. The only purpose of the Reference Price is to mislead customers into believing that the displayed Reference Price is an original, regular, or retail price at which Flavor God usually sells the item or previously sold the item in the recent past. As a result, Flavor God falsely conveys to customers that they are receiving a substantial markdown or discount, when in reality, the alleged discount is false and fraudulent. Moreover, because Flavor God's products are sold only through Flavor God's website, the Reference Price cannot mean the prevailing market price of the product at any retailer other than Flavor God's website. Compounding the deception, the Flavor God website will often display messages like "FALL SALE" to give customers a sense of urgency to take advantage of the fake sales, when in reality, Flavor God runs a "sale" on all branded items on its site everyday (or at a minimum, most days).

21.    For example, on October 24, 2020, Flavor God's landing page prominently displayed the statement "FALL SALE - LOWEST PRICING! - 50%--70% OFF - BUY NOW." On the individual product pages of all (or nearly all) Flavor God products offered on the site, Flavor God represented each product as being marked down and included this representation beside the crossed-out fake Reference Price. For example, for a Chef Spice Rack being offered for $87.38, Flavor God displayed the following:

~~$379.86~~ **$87.38**

22.    These pricing and advertising practices reflecting high-pressure fake

FIRST AMENDED CLASS ACTION COMPLAINT

sales are patently deceptive. They are intended to mislead customers into believing that they are getting a bargain by buying products from Flavor God on sale and at a substantial and deep discount. The truth is that Flavor God rarely, if ever, sells any of its Flavor God products at the Reference Price. The Reference Price is, therefore, an artificially inflated price. In turn, the advertised discounts are nothing more than phantom markdowns.

### C. **Plaintiff's Purchase of Falsely Advertised Items from Flavor God**

23.     Plaintiff fell victim to Flavor God's false advertising and deceptive pricing practices. On or about September 14, 2020, Plaintiff visited Flavor God's website to shop for seasonings. Plaintiff visited the site from his home in Los Angeles County. Plaintiff saw on the website that Flavor God was having a site-wide "sale." Plaintiff browsed the site and observed that all the seasonings offered had a Reference Price that was crossed out and a sale price. He found Flavor God's Garlic Lover's seasoning and added it to his shopping cart. The price of the Garlic Lover's seasoning was listed as:

$$\text{\$19.99 } \textbf{\$6.26}$$

24.     In other words, Plaintiff saw that Flavor God represented on the product description page for the Garlic Lover's seasoning that it was supposedly on sale based on a markdown from a Reference Price. The Reference Price was displayed as a substantially higher price containing a strikethrough.

25.     Plaintiff purchased the seasoning, but before doing so, relied on the representation that the product listed above had in fact been offered for sale, or previously sold, in the recent past at the stated Reference Price. Plaintiff relied on Flavor God's representation that the Garlic Lover's seasoning was truly on sale and being sold at a substantial markdown and discount, and thereby fell victim to the deception intended by Flavor God.

26.     Including shipping and sales tax, Plaintiff paid $11.37 for his order.

-9-

FIRST AMENDED CLASS ACTION COMPLAINT

Of this amount, his "pre-sale" subtotal for the items was $6.26.

27.    The seasoning Plaintiff ordered was delivered to him in Los Angeles County, California.

28.    The truth, however, is that the seasoning Plaintiff purchased was not substantially marked down or discounted, or at the very least, any discount he was receiving had been grossly exaggerated. That is because the Garlic Lover's seasoning Plaintiff bought had never been offered on Flavor God's website for any reasonably substantial period of time—if ever—at the full Reference Price of $19.99. In fact, for at least the 90-day period prior to Plaintiff's purchase (and likely for a longer period), Flavor God had not offered the Garlic Lover's seasoning at the Reference Price. The Reference Price was a fake price used in Flavor God's deceptive marketing scheme.

29.    Flavor God knows that the prices are fake and artificially inflated and intentionally uses them in its deceptive pricing scheme on its website to increase sales and profits by misleading Plaintiff and members of the putative class to believe that they are buying products at a substantial discount. Flavor God thereby induces customers to buy products they never would have bought—or at the very least, to pay more for merchandise than they otherwise would have if Defendants were simply being truthful about their "sales."

30.    Therefore, Plaintiff would not have purchased the seasoning listed above, or at the very least, would not have paid as much as he did, had Flavor God been truthful. Plaintiff was persuaded to make his purchase only because of the fake sale based on Flavor God's fake Reference Price scheme.   Plaintiff is susceptible to this recurring harm because he cannot be certain that Flavor God has corrected this deceptive pricing scheme, and he desires to shop at Flavor God's online store in the future.   Plaintiff does not have the resources on his own to determine whether Defendants are complying with California and federal law with

-10-

FIRST AMENDED CLASS ACTION COMPLAINT

respect to its pricing practices.

**D. Research Shows That the Use of Reference Price Advertising Schemes Similar to Flavor God's Deceptive Pricing Scheme Influences Consumer Behavior and Affects Consumers' Perceptions of a Product's Value**

31.    The effectiveness of Flavor God's deceitful pricing scheme is backed by longstanding scholarly research. In the seminal article entitled *Comparative Price Advertising: Informative or Deceptive?* (cited in *Hinojos v. Kohl's Corp*., 718 F.3d 1098, 1106 (9th Cir. 2013)), Professors Dhruv Grewal and Larry D. Compeau write that, "[b]y creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product." Dhruv Grewal & Larry D. Compeau, *Comparative Price Advertising: Informative or Deceptive?*, 11 J. Pub. Pol'y & Mktg. 52, 55 (1992). Therefore, "empirical studies indicate that, as discount size increases, consumers' perceptions of value and their willingness to buy the product increase, while their intention to search for a lower price decreases." *Id.* at 56. For this reason, the Ninth Circuit in *Hinojos* held that a plaintiff making a claim of deceptive pricing (strikingly similar to the claim at issue here) had standing to pursue his claim against the defendant retailer. In doing so, the Court observed that "[m]isinformation about a product's 'normal' price is . . . significant to many consumers in the same way as a false product label would be." *Hinojos*, 718 F.3d at 1106.

32.    Professors Compeau and Grewal reached similar conclusions in a 2002 article: "decades of research support the conclusion that advertised reference prices do indeed enhance consumers' perceptions of the value of the deal." Dhruv Grewal & Larry D. Compeau, *Comparative Price Advertising: Believe It or Not*, 36 J. of Consumer Affairs 287 (2002). The professors also found that "[c]onsumers are influenced by comparison prices even when the stated reference prices are implausibly high." *Id.*

-11-

FIRST AMENDED CLASS ACTION COMPLAINT

33.     In another scholarly publication, Professors Joan Lindsey-Mullikin and Ross D. Petty concluded that "[r]eference price ads strongly influence consumer perceptions of value . . . Consumers often make purchases not based on price but because a retailer assures them that a deal is a good bargain. This occurs when . . . the retailer highlights the relative savings compared with the prices of competitors." Joan Lindsey-Mullikin & Ross D. Petty, *Marketing Tactics Discouraging Price Search: Deception and Competition*, 64 J. OF BUS. RESEARCH 67 (2011).

34.     Similarly, according to Professors Praveen K. Kopalle and Joan Lindsey-Mullikin, "research has shown that retailer-supplied reference prices clearly enhance buyers' perceptions of value" and "have a significant impact on consumer purchasing decisions." Praveen K. Kopalle & Joan Lindsey-Mullikin, *The Impact of External Reference Price on Consumer Price Expectations*, 79 J. OF RETAILING 225 (2003).

35.     The results of a 1990 study by Professors Jerry B. Gotlieb and Cyndy Thomas Fitzgerald, came to the conclusion that "reference prices are important cues consumers use when making the decision concerning how much they are willing to pay for the product." Jerry B. Gotlieb & Cyndy Thomas Fitzgerald, *An Investigation into the Effects of Advertised Reference Prices on the Price Consumers Are Willing to Pay for the Product*, 6 J. OF APP'D BUS. RES. 1 (1990). This study also concluded that "consumers are likely to be misled into a willingness to pay a higher price for a product simply because the product has a higher reference price." *Id*.

36.     The unmistakable inference to be drawn from this research and the Ninth Circuit's opinion in *Hinojos* is that the deceptive advertising through the use of false reference pricing employed here by Flavor God is intended to, and does in fact, influence customer behavior—as it did Plaintiff's purchasing decision here—

-12-

FIRST AMENDED CLASS ACTION COMPLAINT

by artificially inflating customer perceptions of a given item's value and causing customers to spend money they otherwise would not have, purchase items they otherwise would not have, and/or spend more money for a product than they otherwise would have absent the deceptive advertising.

## CLASS ACTION ALLEGATIONS

37.    Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following class:

> All persons in the United States who purchased one or more Flavor God products from https://flavorgod.com/ between November 30, 2016 through the present (the "Class Period") at a discount from a higher reference price and who have not received a refund or credit for their purchase(s).

38.    The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers, directors, or employees of Defendants, any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

39.    In the alternative, Plaintiff seeks certification of the following class pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure:

> All persons in the State of California who purchased one or more Flavor God products from https://flavorgod.com between November 30, 2016 through the present (the "Class Period") at a discount from a

-13-

higher reference price and who have not received a refund or credit for their purchase(s).

40.     The above-described class of persons shall hereafter be referred to as the "California Class." Excluded from the California Class are any and all past or present officers, directors, or employees of Defendants, any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

41.     **Numerosity**. The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but on information and belief, Plaintiff alleges that there are tens of thousands of members of the Class. The precise number of Class members is unknown to Plaintiff.

42.     **Typicality**. Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendants' course of conduct as described in this Complaint. All Class members have been deceived (or were likely to be deceived) by Flavor God's false and deceptive price advertising scheme, as alleged in this Complaint. Plaintiff is advancing the same claims and legal theories on behalf of himself and all Class members.

43.     **Adequacy of Representation**. Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and his counsel intend to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interests to those of the Class.

-14-

FIRST AMENDED CLASS ACTION COMPLAINT

44.     **Existence and Predominance of Common Questions of Law or Fact**. Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

   a)   Whether, during the Class Period, Defendants advertised false Reference Prices on products offered on their website.

   b)   Whether, during the Class Period, Defendants advertised price discounts from false Reference Prices on products offered on their website.

   c)   Whether the products listed on Defendants' website during the Class Period were offered at their Reference Prices for any reasonably substantial period of time prior to being offered at prices that were discounted from their Reference Prices.

   d)   Does Defendants' deceptive pricing scheme using false Reference Prices constitute an "unlawful," "unfair," or "fraudulent" business practice in violation of the California Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq*.?

   e)   Does Defendants' deceptive pricing scheme using false Reference Prices constitute "unfair, deceptive, untrue or misleading advertising" in violation of the California Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq*.?

   f)   Does Defendants' deceptive pricing scheme using false Reference Prices constitute false advertising in violation of the California False Advertising Law under Business & Professions Code §§

-15-

FIRST AMENDED CLASS ACTION COMPLAINT

17500, *et seq*.?

g) Whether Defendants' false Reference Prices on products offered on their website during the Class Period are false representations.

h) Whether and when Defendants learned that false Reference Prices on products offered on their website during the Class Period are false representations.

i) What did Defendants hope to gain from using a false Reference Price scheme?

j) What did Defendants gain from their false Reference Price scheme?

k) Whether Defendants' use of false Reference Prices on products offered on their website during the Class Period was material.

l) Whether Defendants had a duty to disclose to their customers that the Reference prices were fake "original" prices in furtherance of sham sales.

m) To what extent did Defendants' conduct cause, and continue to cause, harm to the Class?

n) Whether the members of the Class are entitled to damages and/or restitution.

o) What type of injunctive relief is appropriate and necessary to enjoin Defendants from continuing to engage in false or misleading advertising?

p) Whether Defendants' conduct was undertaken with conscious disregard of the rights of the members of the Class and was done with fraud, oppression, and/or malice.

45.   **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Requiring each

-16-

FIRST AMENDED CLASS ACTION COMPLAINT

individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every member of the Class could afford individual litigation, the adjudication of at least tens of thousands of identical claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

46.     By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the members of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual members of the Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to such adjudications, or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

47.     **Ascertainability**. Upon information and belief, Defendants keep extensive computerized records of their sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendants have one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

48.     The California Class also satisfies each of the class action

-17-

FIRST AMENDED CLASS ACTION COMPLAINT

requirements set forth above. The allegations set forth above with regards to the Class, therefore, apply equally to the California Class.

## CLAIMS FOR RELIEF

### First Cause of Action

### Violation of California's Unfair Competition Law,

### Cal. Bus. & Prof. Code §§ 17200, *et seq*.

### (By Plaintiff Against Defendants on Behalf of the Class, or in the Alternative, the California Class)

49.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

50.    California Business and Professions Code §§ 17200 *et seq*., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" as well as "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

51.    The UCL imposes strict liability. Plaintiff need not prove that Flavor God intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

**"Unlawful" Actions**

52.    A cause of action may be brought under the "unlawful" prong of the UCL if a practice violates another law. Such an action borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under the UCL. The violation of any law constitutes an "unlawful" business practice under the UCL.

53.    Here, by engaging in false advertising, as well as the false, deceptive, and misleading conduct alleged above, Defendants have engaged in unlawful business acts and practices in violation of the UCL, including violations of state

-18-

FIRST AMENDED CLASS ACTION COMPLAINT

and federal laws and regulations, such as 15 U.S.C. § 45(a)(1), 16 C.F.R. § 233.1, California Business & Professions Code sections 17500 and 17501, and California Civil Code sections 1770(a)(9) and 1770(a)(13).

54.    The Federal Trade Commission Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce[.]" 15 U.S.C. § 45(a)(1). Under FTC regulations, false former pricing schemes similar to the ones employed by Defendants, are deceptive practices that would violate the FTCA:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. ***If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one***; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

16 C.F.R. §§ 233.1(a) (emphasis added).

55.    Further, as detailed below in the Second Claim for Relief, Defendants' conduct also violates California's false advertising laws. Specifically, California Business & Professions Code section 17500 provides, in relevant part, that it is unlawful for any corporation, with intent directly or indirectly to dispose of

-19-

FIRST AMENDED CLASS ACTION COMPLAINT

personal property, to make or disseminate in any "manner or means whatever, including over the Internet, any statement, concerning that . . . personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500.

56.     California law also expressly prohibits false former pricing schemes like the one employed by Defendants. California Business & Professions Code section 17501, entitled "Worth or value; statements as to former price," states as follows:

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501.

57.     Moreover, as detailed below in the Third Claim for Relief, Defendants' conduct also violates the California Consumer Legal Remedies Act ("CLRA"). *See* Cal. Civ. Code §§ 1750, *et seq*. More specifically, Defendants violated the CLRA's provisions prohibiting businesses from "[a]dvertising goods or services with intent not to sell them as advertised," Cal. Civ. Code § 1770(a)(9), and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions[.]" Cal. Civ. Code § 1770(a)(13).

**"Unfair" Actions**

58.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing

FIRST AMENDED CLASS ACTION COMPLAINT

the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

59.    Here, Defendants' actions constitute "unfair" business acts or practices because, as alleged above, Defendants engaged in a misleading and deceptive pricing scheme by advertising and representing false Reference Prices and thereby falsely advertising and representing markdowns or "discounts" that were false and inflated. Defendants' deceptive marketing practice gave consumers the false impression that its products were regularly sold on the market for a substantially higher price in the recent past than they actually were and thus led to the false impression that Defendants' products were worth more than they actually were. Defendants' acts and practices therefore offended an established public policy, and they engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

60.    The harm to Plaintiff and members of the Class outweighs the utility of Defendants' practices. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the misleading and deceptive conduct described in this Complaint.

**"Fraudulent" Actions**

61.    A business act or practice is "fraudulent" within the meaning of the UCL if members of the public are likely to be deceived.

62.    Here, members of the public are likely to be deceived by Defendants' conduct as alleged above. Among other things, Defendants affirmatively misrepresented the Reference Prices of their products, which thereby misled and deceived customers into believing that they were buying merchandise from Defendants at substantially marked-down and discounted prices. Defendants' deceptive marketing practice gave consumers the false impression that their products were regularly sold on the market for a substantially higher price in the

-21-

recent past than they actually were and led to the false impression that Defendants' products were worth more than they actually were.

63.     In addition, Defendants had a duty to disclose the truth about their pricing deception, including, among other things, that the Reference Prices advertised and published on their website were not, in fact, prices at which Flavor God's seasonings and rubs had sold for in the recent past for a reasonably substantial period of time, but that instead, in reality, Defendants' products rarely (if ever) were offered at the advertised Reference Prices. Defendants, however, concealed this material information from customers and the general public. Members of the public, therefore, were also likely to be deceived by Defendants' failure to disclose material information.

64.     Plaintiff and each member of the Class suffered an injury in fact and lost money or property as a result of Defendants' unlawful, unfair, and/or fraudulent business practices, and as a result of Defendants' unfair, deceptive, untrue or misleading advertising.

65.     Plaintiff, on behalf of himself and the members of the Class, seeks disgorgement of all moneys received by Defendants through the conduct described above.

66.     Plaintiff, on behalf of himself and the members of the Class, seeks a temporary, preliminary, and/or permanent injunction from this Court prohibiting Defendants from engaging in the patterns and practices described herein, including but not limited to, putting a stop to their deceptive advertisements and false Reference Prices in connection with their sale of Flavor God products on their website.   Injunctive relief is necessary to prevent future harm to consumers, including Plaintiff, who would like to purchase the products in the future.   Every day, consumers like Plaintiff are misled into believing they are receiving a discount. Without injunctive relief, Defendants will continue to mislead consumers, and

FIRST AMENDED CLASS ACTION COMPLAINT

1  consumers will purchase products they otherwise would not have purchased
2  because they will be unable to determine whether they are actually receiving a
3  discount.

**Second Cause of Action**

**Violation of California's False Advertising Law**

**Cal. Bus. & Prof. Code §§ 17500, *et seq*.**

**(By Plaintiff Against Defendants on Behalf of the Class, or in the Alternative, the California Class)**

67.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

68.    The California False Advertising Law, codified at California Business & Professions Code sections 17500, *et seq*. (the "FAL") provides, in relevant part, that it is unlawful for any corporation, with intent directly or indirectly to dispose of personal property, to make or disseminate in any "manner or means whatever, including over the Internet, any statement, concerning that . . . personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500.

69.    Similarly, the FAL provides, in relevant part, that "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal Bus. & Prof. Code § 17501.

70.    Here, Defendants routinely disseminated on their website false Reference Prices for the products offered for sale on their website, including to Plaintiff. Such statements of Defendants were untrue, or at the very least, were

-23-

FIRST AMENDED CLASS ACTION COMPLAINT

misleading. Among other things, Defendants rarely, if ever, offered Flavor God's products on their website at the Reference Prices displayed in connection with their products. Further, Defendants rarely, if ever, offered Flavor God's products on their website at the Reference Prices within the three months immediately preceding the publication of the Reference Prices. Defendants therefore misled customers, including Plaintiff, into believing that the Reference Prices are, or were, genuine former prices and that the "sale" prices relative to the published Reference Prices, in fact, reflected real and substantial discounts. Defendants' deceptive marketing practice gave consumers the false impression that their products were regularly sold for a substantially higher price in the recent past than they actually were and thus led to the false impression that Defendants' products were worth more than they actually were.

71.    Defendants engaged in this deceptive conduct with the intent to dispose of personal property—namely, with the intent to increase sales of Flavor God's products offered by Defendants on their website.

72.    Defendants knew, or by the exercise of reasonable care should have known, that their dissemination of Reference Prices for the Flavor God products sold on their website was untrue and/or misleading. Among other things, Defendants represented the Reference Prices in connection with the Flavor God products sold on their website even though they knew, or in the exercise of reasonable care should have known, that such products had rarely, if ever, sold at the crossed-out Reference Prices.

73.    As a direct and proximate result of Defendants' misleading and false advertisements, Plaintiff and members of the Class have suffered injury in fact and have lost money. As such, Plaintiff requests that this Court order Defendants to restore this money to Plaintiff and all members of the Class, and to enjoin Defendants from continuing their false and misleading advertising practices in

FIRST AMENDED CLASS ACTION COMPLAINT

violation of California law in the future. Otherwise, Plaintiff, members of the Class, and the broader general public will be irreparably harmed and/or denied an effective and complete remedy.

### Third Cause of Action

### Violation of the California Consumer Legal Remedies Act,

### Cal. Civ. Code §§ 1750, *et seq.*

### (By Plaintiff Against Defendants on Behalf of the Class, or in the Alternative, the California Class)

74.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

75.    The Consumer Legal Remedies Act of 1970, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA") is a California consumer protection statute which allows plaintiffs to bring private civil actions for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction . . . which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). The purposes of the CLRA are "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760.

76.    Plaintiff and each member of the Class are "consumers" as defined by California Civil Code section 1761(d). Defendants' sale of their Flavor God products on their website to Plaintiff and the Class were "transactions" within the meaning of California Civil Code section 1761(e). The products purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code section 1761(a).

77.    Defendants violated and continue to violate the CLRA by engaging in the following practices prohibited by California Civil Code section 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did

-25-

FIRST AMENDED CLASS ACTION COMPLAINT

result in, the sale of Flavor God-branded products:

> (1) Advertising goods or services with the intent not to sell them as advertised; and
>
> (2) Making false or misleading statements of fact concerning reasons for, the existence of, or amounts of price reductions.

Cal. Civ. Code §§ 1770(a)(9) & (13).

78.     With regards to section 1770(a)(9), Defendants advertised and represented their branded products on their website with the "intent not to sell" them as advertised because, among other things, (a) the false Reference Prices advertised in connection with products offered on their website misled and continue to mislead customers into believing the merchandise was previously offered for sale and/or sold at the higher Reference Prices for some reasonably substantial period of time, and (b) Defendants sell their branded products only on their website and thus there is no other channel through which the products have previously been offered for sale and/or sold at the false Reference Prices.

79.     With regards to section 1770(a)(13), Defendants made false or misleading statements of fact concerning the "existence of" and the "amounts of price reductions" because, among other things, (a) no true price reductions existed—or at the very least, any price reductions were exaggerated—in that Defendants' products were rarely, if ever, previously offered for sale and/or sold at the higher Reference Prices for a reasonably substantial period of time, (b) Defendants sell Flavor God-branded products only on their website and thus there is no other channel through which the products have previously been offered for sale and/or sold at the false Reference Price, and (c) the Reference Prices Defendants advertise in connection with their Flavor God-branded products necessarily cannot be former prices or prevailing market prices because Defendants sell their products only on their website and thus the items were never sold

-26-

elsewhere for any other prices besides the falsely discounted sale prices.

80.    Pursuant to Cal. Civ. Code § 1782, on December 2, 2020, and in conjunction with the filing of this action, Plaintiff's counsel notified Defendants in writing (by certified mail, with return receipt requested) of the particular violations of the CLRA and demanded that they correct or agree to correct the actions described in this Complaint, including by giving notice to all affected consumers.

81.    Defendants failed to respond appropriately to Plaintiff's December 2 CLRA letter, nor did they agree to rectify the problems associated with the actions described above and to give notice to all affected consumers within 30 days of the date of the written notice, as prescribed by § 1782.    Therefore, Plaintiff further seeks claims for actual, consequential, punitive, and statutory damages, as well as mandatory attorneys' fees and costs, against Defendants.

**Fourth Cause of Action**

**Fraudulent Concealment**

**(By Plaintiff Against Defendants on Behalf of the Class)**

82.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

83.    Defendants uniformly disclosed some facts to Plaintiff and all members of the Class during the Class Period in connection with their "Flavor God" branded seasonings, rubs, and other items on their website. Namely, Defendants disclosed a Reference Price for each item by displaying on the product description page for each product a Reference Price substantially higher than the offered selling price, which is marked down or discounted from the Reference Price by a significant discount.

84.    Defendants, however, intentionally failed to disclose other facts, making Defendants' disclosure deceptive. Specifically, Defendants failed to disclose that Defendants rarely, if ever, previously offered for sale and/or sold their

-27-

FIRST AMENDED CLASS ACTION COMPLAINT

branded products at the higher Reference Price for any reasonably substantial period of time. Moreover, Defendants failed to disclose that the Reference Prices necessarily cannot be prevailing market prices because Defendants sell their Flavor God-branded products only on their website and thus the items were never sold elsewhere for any other prices besides the falsely discounted sale prices. As a result, Defendants deceived Plaintiff and the Class into believing that they were purchasing items at a substantial markdown or discount when, in reality, the false Reference Price and discounting practice artificially inflated the true market value of the items they purchased.

85.     As a separate basis for concealment, Defendants uniformly and intentionally concealed from Plaintiff and all members of the Class that the items they purchased from Defendants had rarely, if ever, been sold by Defendants in the recent past at the substantially higher Reference Price displayed on Defendants' website and/or in the prevailing market. These were facts known only to Defendants that Plaintiff and the Class could not have discovered.

86.     Plaintiff and the Class did not know of the concealed facts.

87.     Defendants intended to deceive Plaintiff and the Class by concealing the facts described above.

88.     Had the omitted information been disclosed, Plaintiff reasonably would have behaved differently. Among other things, Plaintiff would not have purchased the items he purchased from Defendants, or, at the very least, he would not have paid as much for the items as he ultimately did.

89.     The omitted information was material and thus, reliance is presumed on a class-wide basis. *Davis-Miller v. Auto. Club of S. Cal.*, 201 Cal.App.4th 106, 122 (2011). The omitted information related to the price of the items sold on Defendants' website and whether Plaintiff was receiving a true and genuine substantial discount or whether, instead, Plaintiff was being deceived into buying

-28-

products through a pricing scheme utilizing fake, artificially inflated former prices. A reasonable person would plainly attach importance to matters affecting pricing in determining his or her purchasing decision.

90.    As a direct and proximate result of the above, Plaintiff and the Class have been harmed and suffered damages in an amount to be proven at trial.

91.    Defendants undertook these illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, malice, and/or oppression. Based on the allegations above, Defendants' actions constituted fraud because Defendants intended to and did deceive and injure Plaintiff and the Class. Based on the allegations above, Defendants' actions constituted malice because Defendants acted with the intent to and did cause injury to Plaintiff and the Class, and also because Defendants' deceptive conduct was despicable and was done with a willful and knowing disregard of the rights of Plaintiff and the Class. Based on the allegations above, Defendants' actions constituted oppression because Defendants' deceptive conduct was despicable and subjected Plaintiff and the Class to cruel and unjust hardship in knowing disregard of their rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dylan Sullivan prays for relief and judgment in favor of himself and the Classes as follows:

## On the First Cause of Action for Violations of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

A.    For an order certifying that the action be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

B.    For an award of equitable and declaratory relief.

-29-

C.      For pre- and post-judgment interest and costs of suit incurred herein.

D.      For attorneys' fees incurred herein pursuant to California Code of Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

E.      For such other and further relief as the Court may deem just and proper.

## On the Second Cause of Action for Violations of the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

A.      For an order certifying that the action be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

B.      For an injunction putting a stop to the deceptive and misleading conduct described herein and ordering Defendants to correct their deceptive and misleading advertising and pricing practices.

C.      For an award of restitution and disgorgement of moneys paid that Defendants obtained as a result of their unfair, deceptive, untrue, and misleading advertising, all as described above.

D.      For an award of equitable and declaratory relief.

E.      For pre- and post-judgment interest and costs of suit incurred herein.

F.      For attorneys' fees incurred herein pursuant to California Code of Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

G.      For such other and further relief as the Court may deem just and proper.

## On the Third Cause of Action for Violations of the Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)

A.      For an order certifying that the action be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, that

FIRST AMENDED CLASS ACTION COMPLAINT

1 Plaintiff be designated the class representative, and that undersigned counsel be
2 designated as class counsel.

3       B.    For an injunction putting a stop to the deceptive and misleading
4 conduct described herein and ordering Defendants to correct their deceptive and
5 misleading advertising and pricing practices.

6       C.    For an order awarding Plaintiff and the proposed Class members
7 actual, consequential, punitive, and statutory damages, as appropriate.

8       D.    For pre- and post-judgment interest and costs of suit incurred herein.

9       E.    For attorneys' fees incurred herein pursuant to California Civil Code
10 section 1780, or to the extent otherwise permitted by law.

11       F.    For such other and further relief as the Court may deem just and
12 proper.

13 **On the Fourth Cause of Action for Fraudulent Concealment**

14       A.    For an order certifying that the action be maintained as a class action
15 under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, that
16 Plaintiff be designated the class representative, and that undersigned counsel be
17 designated as class counsel.

18       B.    For compensatory damages in an amount to be proven at trial.

19       C.    For pre- and post-judgment interest and costs of suit incurred herein.

20       D.    For attorneys' fees incurred herein pursuant to California Code of
21 Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

22       E.    For such other and further relief as the Court may deem just and
23 proper.

24 ///
25 ///
26 ///
27 ///
28

-31-

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2         Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury

3 pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

4

5 DATED:  March 29, 2021                    Respectfully submitted,

6                                          **KJC LAW GROUP, A.P.C.**

7                                          By: */s/ Kevin J. Cole*

8                                          Attorneys for Plaintiff
                                           *Dylan Sullivan*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-32-

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on March 29, 2021. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 29, 2021.

**KJC LAW GROUP, A.P.C.**

By: */s/ Kevin J. Cole*

Attorneys for Plaintiff
*Dylan Sullivan*

-33-

FIRST AMENDED CLASS ACTION COMPLAINT